MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a corporation, v. ROBERT A. KNIGHT.

178 So. 898.
Opinion Filed June 28, 1937.
On Rehearing February 16, 1938.

. *Doggett, McCollum, Howell & Doggett,* for Plaintiff in Error;

*F. Y. Smith* and *Barton T. Douglas,* for Defendant in Error.

TERRELL, J.—In May, July, and October; 1929, Plaintiff in Error executed three policies of insurance in the sum of $2,000.00 each, in favor of Defendant in Error. Each policy contained the following provision to cover disability benefits:

"If insured is totally and permanently disabled before the age of sixty, will pay the insured $20.00 monthly during such disability, increasing after five and ten years' continuous disability, besides waiving premium payments, all upon the condition set forth in Section Three."

In September, 1930, the insured applied for total and permanent disability allowances, submitting a physician's statement certifying that he was suffering from pulmonary tuberculosis. The insurance company approved the claim and paid the benefits accruing up to the amount due October 25, 1934. Disability benefits were then discontinued on the ground that the cause for which they were paid had disappeared and that they were no longer due under the terms of the policy.

In March, 1935, the insured filed his declaration seeking to recover disability benefits under the terms of his policies from October 25, 1934, to the date of filing his declaration and to date of the judgment herein including a reasonable attorney's fee. Copies of the policies were attached to and made a part of the declaration. A demurrer and motion for compulsory amendment were overruled and defendant entered pleas denying disability and interposing the defense that plaintiff's alleged disability is self-imposed in that he failed and refused to follow a course of treatment prescribed for him which would cure his trouble, that is to say, the removal of defective teeth and tonsils. On the issue thus made, trial resulted in a verdict and judgment for the plaintiff in the sum of $1,076.00 to cover disability benefits to January 25, 1936, together with an attorney's fee of $300.00 and costs. To the judgment so entered, writ of error was prosecuted.

It is first urged that the judgment should be reversed because the plaintiff failed to prove, by a preponderance of the evidence, that he was unable to engage in any occu-

pation because of total and permanent disability as contemplated by the policies.

Total and permanent disability and proof of their existence are defined in Section Three of each policy as follows:

"Total Disability.—Disability shall be considered total when there is any impairment of mind or body, which continuously renders it impossible for insured to follow a gainful occupation.

"Permanent Disability.—Total disability shall, during its continuance, be presumed to be permanent:

"(a) If such disability is result of conditions which render it reasonably certain that such disability will continue during the remaining life-time of the insured; or

"(b) If such disability has existed continuously for ninety days.

"When Benefits Become Effective.—If before attaining the age of sixty years, and while no premium on this policy is in default, the insured shall furnish to the company due proof that he is totally and permanently disabled, as defined above, the company will grant the following benefits during the remaining lifetime of the insured, so long as such disability continues."

The amount of allowance for disability as thus defined is ten dollars on each one thousand dollars face value of the policy with certain increases thereafter which are not material in this case. Payment of premiums is also waived after proof of disability.

Section Three of the policy also contains the following with reference to proof of continuing disability:

"General Provisions.—The Company may, before making any income payment or waiving any premium require due proof of the continuance of total and permanent disability, and such proof shall not be required oftener than once a

year after such disability has continued for two years. If such proof is not furnished on demand, or if it shall appear to the Company that the insured is no longer totally and permanently disabled, no further income payments will be made or premiums waived * * *."

The Insurance Company accepted proof of pulmonary tuberculosis in September, 1930, and paid disability benefits to the plaintiff until October 25, 1934. It then under the last cited provision of the policy declined to make further payments.

The insurance company declined to make further payments for disability because it appeared "to the company that the insured is no longer totally and permanently disabled" as provided in the latter part of the provision of the policy last quoted, but several months later, required proof of continuance of total disability as provided in the fore part of the provision so quoted.

It appears from the record that sometime after payment of disability benefits were discontinued, the Insurance Company requested the insured to report to Dr. Wilcox, Chief Examiner of the defendant, at Riverside Hospital for examination. Dr. Wilcox referred him to Dr. Cason, who gave him a complete physical examination with particular reference to his heart and chest. As a result of his examination, Dr. Cason concluded that the insured's heart and lungs were sound and normal except that his heart was slightly rapid at times. He advised the insured that his tonsils and teeth were defective and that all his trouble would be cured if he would remove them. No material evidence was introduced by the defendant.

The insured introduced his family physician, Dr. Goode, who testified among other things that he did not consider him (insured) able to do gainful work. Dr. Goode also testified that he thought the insured had pulmonary tuber-

culosis and based his judgment on the report of an examination of a specimen of sputum from the insured which he sent properly sealed and certified to the State Board of Health.

The father, mother, brothers, and sisters of the insured testified in corroboration of the testimony of Dr. Goode. The testimony of of the latter and the introduction of report of the State Board of Health on the examination of the specimen of the sputum was objected to by the defendant. The testimony of the relatives of the insured did not purport to be expert testimony and was not admissible as such, but was admissible in support of facts of general behavior on the part of the insured testified to by Dr. Goode.

The report on the specimen of sputum from the insured made and reported by the State Board of Health was not admissible unless properly taken, marked, and authenticated as the law directs, but the record discloses that these formalities were complied with, that it was properly taken, mailed, examined, by the State Board of Health, and certified to have been found "positive," which was sufficient.

The judgment finds support in the record, but the manner in which it was adduced was unsatisfactory. The "general provisions" of Section Three of the policies for questioning the fact of continued permanent disability do not provide a method of procedure. The company may require proof of continued disability before paying or it may decline to pay further if it shall appear that the insured is no longer permanently disabled.

In either event, the discontinuance of disability payments must be based on a fact finding inquisition. When the contingency arises, a better practice would be to apply to the court to designate a disinterested physician or board of physicians to make the examination and let it be of such a char-

acter as to conclude the question of the insured's disability and be governed accordingly. Otherwise the discontinuance of disability payments will always precipitate a lawsuit. It may do so when this precaution is taken, but the probabilities will be minimized and the court will have the advantage of an impartial investigation.

If the insured was suffering from permanent disability as contemplated by the policy, it is not material that the cause of his disability was different from what it was when first incurred. The important fact is that he is proven to be permanently disabled from some cause. It is the duty of one suffering from causes that disable him to avail himself of all reasonable means and remedies to remove his disability, but if there is a difference of opinion among doctors as to its cause and there is substantial support in the record for the judgment found, it should be upheld. If it is contended that the removal of infected tonsils or diseased teeth would remove the cause of disability, it would not be proper to withdraw the benefit payments until this is done and it has been ascertained that such would be the result.

Was it competent for the insured to recover disability benefits accruing after the institution of this action and up to the date of the verdict as provided in the judgment appealed from?

The court below answered this question in the affirmative by instructing a verdict accordingly. We find no such authority for such an instruction and the weight of authority holds that it cannot be done. New York Life Ins. Co. v. Viglas, 297 U. S. 612, 56 Sup. Ct. 615, 80 L. Ed. 971; United States v. Worley, 291 U. S. 339, 50 Sup. Ct. 291, 74 L. Ed. 887; Mobley v. New York Life Insurance Co., 295 U. S. 637, 55 Sup. Ct. 876, 79 L. Ed. 1621, 99 A. L. R. 1166; New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58; Atkinson v. Railway Employees' Mutual Re-

lief Society, 160 Tenn. 158, 22 S. W. (2) 1631; Rayburn v. Penn. Casualty Co., 141 N. C. 425, 54 S. E. 283.

Other assignments of error have been examined and while we are convinced that errors of procedure were committed, we are not convinced that they were harmful.

It follows that the cause must be and is hereby reversed for the purpose of modifying the judgment below to conform with the views expressed in this opinion by deducting the amount of recovery allowed which accrued after institution of suit.

Reversed.

BROWN and BUFORD, J. J., concur.

ELLIS, C. J., concurs specially.

Mr. Justice DAVIS concurred in the foregoing opinion.

ELLIS, J. (concurring).—I concur in the conclusion reached in this case upon the ground that an analysis of the pleadings existing in this case reveals only one issue and that was tendered by defendant upon whom the burden rested to sustain it. That issue was: did it appear to the Company that after the payment of benefits and waiver of premium for four years the total and permanent disability of the plaintiff had ceased.

Under such an issue the Company's judgment cannot be arbitrary or capricious, but it must rest upon a condition of things in relation to the insured's disabilities which would reasonably justify the conclusion that the disabilities of the plaintiff were no longer total and permanent. The burden of establishing that defense was upon the Company which in this case it failed to carry, and the jury was justified in finding that issue in favor of the plaintiff.

No point is made by the pleadings in this case responsive to the declaration that the Company had under the provisions of the policy required the plaintiff to furnish proof

of his continued total and permanent disability, which under the terms of the policy the Company may have done only once a year after the continuance of the plaintiff's disability after a period of two years. Construing the pleas most strongly against the defendant, as the rule requires, it may have required this showing by the plaintiff oftener than once a year after the plaintiff's disabilities had continued two years, therefore the pleas, stripped of unnecessary averments, were simply that the defendant company had reasonable ground to conclude that the total disabilities of the plaintiff had ceased.

## ON PETITION FOR REHEARING.

PER CURIAM.—The petition for rehearing is predicated on the ground, (1) That the report from the State Board of Health on the specimen of sputum sent them was not properly certified, and (2) Certain language of the Court with reference to the removal of tonsils and diseased teeth was objected to.

As to the latter, the language complained of is not essential to the disposition of the cause and that part reading as follows is stricken from the opinion:

"If it is contended that the removal of infected tonsils or diseased teeth would remove the cause of disability, it would not be proper to withdraw the benefit payments until this is done and it has been ascertained that such would be the result."

As to the specimen of sputum, it is shown that it was regularly taken and mailed to the State Board of Health Laboratory and its report received therefrom which was regular and showed the result found. This is a duty imposed on the State Board of Health and we hold its report in response to such request *prima facie* evidence of what it purports to

be. If its verity is to be overthrown, the duty is on the one challenging it to do so.

In this case, the report on the specimen amounted to no more than secondary evidence as it merely corroborated the testimony of the attending physician.

As to that part of the opinion eliminated, the rehearing is granted and elimination is made. In all other respects the rehearing is denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

CHAPMAN, J., disqualified.