CARROLL, Judge.
The appellant was injured on April 13, 1962, in an automobile accident. He sought to recover disability benefits from three companies whose policies of insurance he held. He commenced two suits on June 25, 1962, and a third was filed on August 24, 1962. His claims for damages under the contracts of insurance were prosecuted in the form of suits in equity for declaratory decree.[1]
The defendants contested the claim of disability, and affirmatively charged plaintiff with having intentionally caused his injuries. In each of the three suits the trial court granted summary decree in favor of the plaintiff on liability. On interlocutory appeals therefrom by the defendants we reversed. See Motor Union (Aviation) Orion Ins. Co. v. Levenson, Fla.App.1963, 153 So.2d 852. The causes were consolidated for trial. In a subsequent lengthy trial of the issues before a jury, verdicts were rendered for plaintiff on liability, and damages awarded.
The plaintiff has appealed from the final decree, entered by the chancellor some months after the trial. Appellant contends the chancellor was in error in holding in the decree that plaintiff’s recovery covered benefits beyond the date of filing suit, and contends that the amount allowed as attorney’s fees was inadequate.[2]
The appellant’s contention regarding the attorney fees is without merit. *127 The fees allowed by the court were equal to one fourth of the amounts of the verdicts. The allowance was within the range of the testimony presented to the court with respect to such attorney’s fees, and no abuse of discretion of the trial judge was shown.
The other contention advanced by the appellant on this appeal has merit, and requires a modification of the decree. The record reflects that throughout the trial plaintiff sought recovery under the several policies for benefits payable for the claimed full disability, for the period from date of injury to dates of filing of the respective suits, but not thereafter.
Plaintiff’s counsel did question witnesses concerning disability of plaintiff beyond the date of filing suit. That is now urged by appellees as showing recovery was sought for the period after suit. Appellant asserts it was for the purpose of solidifying proof of disability for the period before suit which was in issue. Regardless of the reason for it, the record reveals that defendants’ counsel and the trial judge, at the time, recognized it went beyond the issues involved. Defendants objected strenuously thereto, on the ground that it was immaterial. The court appeared to agree, but overruled the objection on the announced basis that the facts thus shown would be available as proof in a subsequent action seeking recovery for such periods, if one should be filed.
Appellant argues, and we agree, that the record refutes the trial court’s conclusion expressed in the decree that the issue of plaintiff’s right to benefits for the added period from date of filing to date of verdict was tried, and the holding that the jury’s verdict included recovery for such added period. The record supports the appellant in that argument, in two respects. First, the trial judge charged the jury that the period for which recovery was sought was from date of the injury to the date of filing suit in each case. The pertinent part of the charges respecting this point, were as follows:
“In this case before us today there are three separate suits, each brought by Franklyn Levenson as plaintiff. The first case is Franklyn Levenson against Motor Union (Aviation) Orion Insurance Co., Ltd.; “T” A. C. and London and Edinburgh Ins. Co., Ltd., d/b/a Insurance Companies in England.
“The second case is Franklyn Leven-son against Certain Underwriters at Lloyd’s London. Hereafter I will refer to those two cases or two defendants as the Lloyd companies, and the certificates of insurance which they issued as Lloyd’s policies.
“The third case is Franklyn Leven-son against Security Mutual Life Insurance Company, the defendant, and I will refer to the policy issued by that company as the Security policy.
“In each of these suits Franklyn Levenson is seeking to recover sums which he claims to be due under the disability provisions of the policies issued by each of the three companies.
“These suits were instituted by the filing of a complaint. The complaint against the London companies and on the London policies was instituted in this court on the 26th day of June 1962. The suit against the Security Mutual Life Insurance Company was instituted on August 24, 1962.
“In each of those cases Mr. Leven-son alleges that on the date of the filing of the suit he was disabled within the terms of the policy and had been disabled since the time of an accident described and dated as of April 13,, 1962.
“To that claim of disability the defendants filed an answer, and they denied that Franklyn Levenson was, on the date of the filing of the answer or *128 any other time between April the 13th and that date — I mean the filing of the suit, that is June 27th and August 24th —they denied that he was disabled at that time or at any time between April the 13th and those dates.
“Now, that sets up one issue. * * *
* * * * * *
“You are instructed again that the issues as framed by the pleadings in this cause have resolved themselves into the following: Was Franklyn Levenson injured on April 13, 1962 from his own criminal act or as a result of intentional self-inflicted injury not in an attempt to save a human life?
“Second: Was Franklyn Levenson totally disabled within the meaning of the policy from attending to his usual business or occupation of a trial attorney during the period between April 13th and June 27th of 1962, or any part •of that period? And those dates apply to the London policies.
“And was Franklyn Levenson totally ■disabled from engaging in his usual and customary occupation as a trial attorney under the provisions of the Security Insurance policy during the period May 13th to August 24, 1962, •or any part of that period?
“In determining the amount of damages, if any, which Mr. Levenson may recover under the Lloyd’s policies, you should first answer the question as to the period of time, if any, which he was totally disabled from engaging in his usual occupation as a trial attorney, and award him damages for such period of time as you find, if any, at the weekly rate of $1,250.
“If you find that Mr. Levenson was totally disabled within the meaning of the Security Mutual Life Insurance Company policy from carrying on his duties of his occupation as a trial attorney for the period of time claimed or any part thereof, you should award him damages for such period of total disability as you find at the monthly rate of $300 a month.”
Second, the verdicts show the jury followed the above quoted charges, because the amounts awarded by the jury in the several cases correspond to full disability benefits for the period prior to suit.
We hold, therefore, that the trial judge was in error in finding and ruling that plaintiff’s right to benefits after the filing of suit and up to the time of verdict was tried in the cause and that the recovery included that added period. Those findings and conclusions of the chancellor are shown to be contrary to the record, and the decree should be and hereby is modified to eliminate them; and as so modified the decree is affirmed.
Modified and affirmed.

. No point appears to have been made in the trial court, nor was a question raised here, as to the propriety of proceeding in equity rather than on the law side of the court (see Coast Cities Coaches, Inc. v. Whyte, Fla.App.1958, 102 So.2d 848, 851; City of Miami v. Miami Transit Company, Fla.App.1957, 96 So.2d 799), or with respect to the inapplicability of Chapter 87, Fla.Stat., F.S.A., to cases which seek trial of issues of fact to establish a breach of contract and to recover damages therefor. See Columbia Casualty Co. v. Zimmerman, Fla.1952, 62 So.2d 338, 340; Halpert v. Oleksy, Fla.1953, 65 So.2d 762; Burns v. Hartford Acc. & Indem. Co., Fla.App.1963, 157 So.2d 84.

. In the final decree the court allowed attorney fees to the insured, as provided for by § 627.0127, Fla.Stat., F.S.A.