REED, Judge.
This is an appeal from a final judgment rendered by the Circuit Court for Palm Beach County, Florida, in an action on a life insurance policy. The appellant, Pan-American Life Insurance Company, was the defendant in the trial court. The appel-lee was the plaintiff. The cause was tried before the court without a jury with a stipulated statement of facts.
The issue is whether or not the defendant’s indebtedness to plaintiff arising out of an insurance policy insuring plaintiff’s father’s life was payable in Cuban pesos or dollars.
The plaintiff is a resident alien who immigrated to this country from Cuba in 1960. He was born 6 April 1944. The plaintiff’s father was the insured under a policy of life insurance (policy number 422-915) issued by the defendant and delivered in Cuba on or about 8 September 1966. The insured died on 25 December 1951 having complied with all terms of the policy on which the plaintiff was the named beneficiary. The plaintiff was then seven.
At the time of the evidentiary hearing, the parties stipulated before the trial court that the plaintiff’s mother, under the law of Cuba, had the authority as his natural guardian to contract for the plaintiff with respect to his rights under the insurance policy.
The insurance policy provided that upon the death of the insured the proceeds together with the interest would be paid to the beneficiary in monthly installments until such time as the beneficiary attained age twenty-two at which time the unpaid face amount became due. The policy also stipulated that the payments were to be made in United States dollars in New Orleans, Louisiana, where defendant’s principal office is located.
With respect to the said policy, on 28 February 1952, the defendant issued a certificate which in English reads as follows:
“CERTIFICATE
The Pan-American Life Insurance Company hereby acknowledges that Policy No. 422-915 on the life of Paciano Garcia y Rodriguez issued by the Pan-American Life Insurance Company has matured as a death claim; that it has been furnished with due and satisfactory proof of death of the Insured; that the said policy has been surrendered; and that the net proceeds calculated as follows :—
Amount of Policy $5,000.00 Pesos
Coupons Plus Interest 68.07 Pesos
NET PROCEEDS $5,068.07 Pesos
are now payable under the provisions of a Settlement Agreement dated September 8, 1946; and that the net proceeds will provide monthly installments of TWENTY & 27/100 ($20.27) PESOS each from January 6, 1952 until April 6, 1959 and monthly installments of THIRTY & 41/100 ($30.41) PESOS each from April 6, 1959 until April 6, 1966 on which date the sum of TWO THOUSAND ONE HUNDRED TWO & 05/100 ($2,102.05) PESOS shall be paid to the beneficiary in one lump sum, and if the beneficiary dies before receiving all of the net proceeds and interest as provided above, then the said net proceeds or any balance thereof and interest left unpaid shall be commuted at the rate of 2per an-num and paid in one lump sum to the Executors or Administrators of the said beneficiary.
IN WITNESS WHEREOF, the Pan-American Life Insurance Company has
*10 caused this Certificate to be executed on this 28th day of February, 1952.

This certificate was delivered to the plaintiff’s mother who acknowledged receipt of the same and executed a release on behalf of the plaintiff which reads as follows:
“RELEASE RECEIPT
Received of the Pan-American Life Insurance Company a Certificate, copy of which is on the reverse hereof, in full settlement of all claims and demands under Policy No. 422-915, Paciano Garcia y Rodriguez, deceased.

Payments were made to the plaintiff’s mother in Havana, Cuba, in pesos in accordance with the certificate until October 1960 when the Cuban government seized the defendant’s Cuban assets.
' The trial judge held that the release executed by the plaintiff’s mother and the certificate executed by the defendant did not modify the basic insurance contract under which the defendant was obligated to make payment in dollars. The court then, without regard to the certificate, found the amount due under the insurance policy and entered judgment in that amount. The court found that the plaintiff was entitled to recover 26 payments due from 6 February 1964 to 6 April 1966, in the amount of $30.41 each and a lump sum payment of $2,102.05 which was due on 6 April 1966, together with interest. No issue has been raised with respect to the correctness of the trial judge’s findings as to what installments were due and unpaid. The sole issue relates to the medium of payment.
As mentioned above, the insurance policy ■provided for specific periodic payments in dollars. The problem devolves into a determination of whether the certificate issued after the insured’s death together with the execution of the release extinguished the obligation under the insurance policy to make dollar payments. On the death of the insured, the defendant was obligated to pay the policy proceeds pursuant to its terms (unless that obligation was modified by the then existing Cuban law which we are not required to decide) and the plaintiff as the beneficiary had a vested right to receive such proceeds under the matured policy. See Miller v. Gulf Life Insurance Co., 1942, 152 Fla. 221, 12 So.2d 127, 130. Under the certificate which was issued after the insured’s death in return for the release, the medium of payment was changed from dollars to pesos which at the time were on a par with one another, and no place of payment was specified. In all other respects, the certificate followed the payment obligation specified in the insurance policy.
In our opinion this certificate was intended by the parties as a complete substitute for the contractual obligation between the plaintiff and defendant arising out of the original insurance policy. Had this not been the intent of the parties, the release would have been purposeless. The plaintiff’s mother testified that it was not her intent in executing the release to amend the basic insurance policy; however, the release is unambiguous and there is no contention that it or the certificate was obtained by fraud, mistake, or misrepresentation. Her testimony, therefore, as to her unexpressed intent is not competent evidence by which to avoid the unambiguous terms of the release. Gendzier v. Bielecki, Fla.1957, 97 So.2d 604, 608.
We hold that the execution of the release by the mother on behalf of the plaintiff coupled with the delivery of the certificate by the defendant in return for the release constituted a novation as a result of which the defendant’s obligation under the insurance policy was extinguished and its liability became limited to the payments specified under the terms of the certificate. (Compare Murphy v. Green, 1931, *11 102 Fla. 102, 135 So. 531, 534; Lakeland Silex Brick Co. v. Jackson & Church Co., 1936, 124 Fla. 347, 168 So. 411, 413.) Because the certificate required payments to be made in pesos, we conclude that the trial court erred in finding that:
“The release receipt executed by the plaintiff’s mother did not modify or alter those provisions of the basic policy which make the policy a contract for the payments of dollars in the United States.”
The plaintiff has raised by an interlocutory appeal which has been consolidated with the defendant’s full appeal the question of plaintiff’s entitlement to an attorney’s fee under Section 627.0127, F.S.1969, F.S.A. The trial court by a post-judgment order answered the question in the negative, and we affirm this order. With certain exceptions not pertinent here Section 627.0127, F.S.1969, F.S.A. does not apply to an insurance contract which like the one here involved was neither issued for delivery in Florida nor delivered in this state. See Section 627.01001(2), F.S.1969, F.S.A. The opinion of the Third District Court of Appeal in General Insurance Company of America v. Roth, Fla.App.1970, 233 So.2d 662, is apparently at variance with our view. We respectfully decline to follow that opinion because it was predicated on a Florida Supreme Court opinion that preceded the adoption of Section 627.01001(2), F.S.1969, F.S.A., and in our judgment does not give effect to the clearly expressed intention of the legislature as revealed by said statute.
The final judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with the views herein expressed.
Reversed and remanded.
WALDEN, J., and DRIVER, B. J., Associate Judge, concur.