276 So.2d 95 (1973)
CONFEDERATION LIFE ASSOCIATION, Appellant,
v.
Eduardo Claudio Camp ALVAREZ, Appellee.
No. 71-1073.
District Court of Appeal of Florida, Fourth District.
March 16, 1973.
Rehearing Denied April 26, 1973.
*96 Phillip G. Newcomm, of Shutts & Bowen, Miami, for appellant.
William D. Rowland, Winter Park, for appellee.
PER CURIAM.
The insured under a life insurance policy issued and delivered in Havana, Cuba in 1944 was awarded a money judgment against the appellant-insurer payable in United States dollars in this country. The judgment also included an award for attorney's fees, interest and costs.
The total judgment was in the amount of $5,224.82. Of this sum, $1,200.00 was awarded as reasonable attorney's fee. We have held that the statute permitting an award of attorney's fees (now Section 627.428, F.S. 1971, F.S.A.) does not apply to a policy issued and delivered in Cuba. Pan-American Life Insurance Company v. Fuentes, Fla.App. 1971, 258 So.2d 8. The final judgment in this case is modified by reducing same to the sum of $4,024.82, and as thus modified is affirmed on the authority of de Lara v. Confederation Life Association, Fla. 1972, 257 So.2d 42, and Confederation Life Association v. Vega y Arminan, Fla. 1968, 211 So.2d 169, approving Confederation Life Association v. Vega y Arminan, Fla.App. 1968, 207 So.2d 33. See also Conte v. Confederation Life Association, Fla. 1972, 272 So.2d 130.
Affirmed as modified.
REED, C.J., and OWEN, J., concur.
WALDEN, J., concurring in part, and dissenting in part with opinion.
WALDEN, Judge (concurring in part and dissenting in part).
In 1944 the defendant insurance company issued a policy on the life of plaintiff in Cuba. It was provided that all sums payable or receivable thereunder were to be paid in United States currency in Cuba.
Everything proceeded according to Hoyle until the invocation of a Cuban law effective in mid 1951. It terminated the legal status of the United States dollar and decreed the Cuban peso as the sole allowable national currency in Cuba.
The insurance company thereupon notified the defendant and its other policy holders that thereafter all premiums and policy liabilities could and would be payable only in Cuban pesos.
The defendant paid his premiums from 1944 through 1950 in United States dollars, during which time pesos and dollars were at par. Since this is a summary judgment case, we must now take the insurance company's version, since there is conflict. The company says that from 1950 through 1963, the defendant paid his premiums in pesos and in accordance with Cuban law and the company's earlier directive.
Defendant now lives in the United States and in 1967 demanded the cash surrender value of the policy to be paid in United States dollars. He was the successful recipient of summary judgment in the trial court. I would reverse.
While there are a number of cases dealing with such financial problems consequent to the Castro take-over of Cuba, I *97 have found none that precisely govern these facts. In my judgment the dispute should be governed by a fundamental principle of equity jurisprudence. The defendant pleaded estoppel and presents the matter to us in its appellate Point II. I feel that defendant having accepted the Cuban edict and the company's legal notice pursuant thereto and having paid premiums in pesos worth less than dollars, he should not be now heard to demand payment in dollars when it suits his purpose and thereby achieve a windfall at the company's expense, a windfall not contemplated or provided by the contract. See 12 Fla.Jur., Estoppel and Waiver, § 46, and Krenov v. West Coast Life Insurance Company (1956) 48 Wash.2d 180, 292 P.2d 209. Furthermore, the company's written notice of change which was adopted and ratified by the insured's conduct in paying premiums in pesos without objection for thirteen years constituted a modification of their contract now binding on both parties, see 7 Fla.Jur., Contracts, § 161 et seq., and a waiver of any right the insured might have had to insist on payment in dollars, 7 Fla.Jur., Contracts, § 140, et seq.
It is my view that if the insurance company's version of the facts should be sustained upon full trial the insured should receive payment in the United States of the cash surrender proceeds in United States dollars. However, the amount of the proceeds should be measured in Cuban pesos according to their relative value at the time demand was made in 1967. In other words, the defendant should recover the dollar equivalent of the cash surrender value measured in pesos as of the time of demand.
On the other hand, if the insured's statement that he paid his premiums throughout in United States dollars is true, it would mean that the estoppel would not be applicable and that he would be ultimately entitled to payment of the full cash surrender proceeds in United States dollars.
In summary, it is my basic opinion that the entry of summary judgment was premature and improper because of the existence of a material issue of fact as above outlined. Thus, I would reverse and remand for trial upon the merits in accordance with the views herein expressed.
I do concur, however, in the views expressed in the majority opinion which found the award of an attorney fee to the insured in the sum of $1200 to be improper.