280 So.2d 496 (1973)
MONSANTO COMPANY, Appellant,
v.
Tom FUQUA, Appellee.
No. R-470.
District Court of Appeal of Florida, First District.
July 10, 1973.
Rehearing Denied August 8, 1973.
Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Jon D. White, of Fisher, Hertz & Bell, Pensacola, for appellee.
CARROLL, DONALD, K., Judge.
The defendant in an action for disability benefits under an employment contract, has appealed from a final judgment entered by the Circuit Court for Escambia County, awarding benefits and damages in the amount of $41,968 for benefits and future damages.
The dual question presented for our determination in this appeal is whether, in an action for periodic benefits based upon permanent and total disability, the court should award damages that might accrue subsequent to the filing of the complaint and subsequent to the rendition of the verdict.
In support of its contention that the court should not award such damages, the appellant cites and relies upon the following two Florida cases:
In Mutual Life Ins. Co. of New York v. Knight, 130 Fla. 733, 178 So. 898 (1938), *497 an action was brought for monthly disability benefits under an insurance policy. The company had paid periodic benefits for several years and then discontinued them effective October 25, 1934. The insured filed his action in March of 1935 seeking benefits to the date of the judgment. A judgment was rendered for benefits up to the date of trial, but the Supreme Court of Florida held that a judgment could be rendered only for the benefits that had accrued at the time of the institution of the action.
In Levenson v. Motor Union (Aviation) Orion Ins. Co., 176 So.2d 125 (Fla.App. 1965), a declaratory action was brought for monthly disability benefits under an insurance policy. The jury returned a verdict for the plaintiff, and the judgment based thereon awarded benefits subsequent to the filing of the action. The Third District Court of Appeal modified the judgment, holding that the trial judge was in error in including benefits after the date of the filing of the action.
In the case at bar the court calculated the future retirement benefits and future insurance, and arrived at a total future loss of $99,749, then reduced that amount to its present value with a 5% discount factor, producing a figure for future losses of $29,533. The court then added to that amount the sums it calculated for past losses and entered the judgment for the total of $41,968.
Upon the authority of the above Knight and Levenson cases, we hold that in the case before us the court erred in including in the judgment appealed from herein amounts for benefits that had not accrued at the time this action was filed.
Therefore, that judgment must be, and it is, reversed and the cause remanded with directions for future proceedings not inconsistent with the views hereinabove set forth.
Reversed and remanded with directions.
RAWLS, C.J., and JOHNSON, J., concur.