345 So.2d 784 (1977)
AETNA LIFE INSURANCE COMPANY, Appellant,
v.
Walter I. SMITH, Appellee.
No. 76-450.
District Court of Appeal of Florida, Fourth District.
April 15, 1977.
*785 Edna L. Caruso, of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellant.
Barbara K. Evans, of Smalbein, Eubank, Johnson, Rosier & Bussey, Cocoa, for appellee.
ALDERMAN, Judge.
This is an appeal by Aetna, the defendant below, from a money judgment entered against it in favor of Walter I. Smith, based *786 upon a disability insurance policy. The appeal involves the award of punitive damages and attorney's fee, the admissibility of certain testimony, and the propriety of a jury instruction that allowed the jury to award future damages. We reverse on all issues.
Smith sued Aetna alleging that he had become totally disabled and was entitled to receive benefits under a group disability insurance policy. Aetna had initially paid benefits under the policy but then discontinued payments. In his complaint Smith demanded judgment for both past and future benefits under the policy, punitive damages, and attorney's fee. The jury returned a verdict in Smith's favor for $61,190.00 compensatory damages, plus $25,000.00 punitive damages. The trial court reduced the compensatory damage award to $22,872.00 to offset Veteran's Administration and Social Security payments that Smith had received. The trial court also gave Smith $8,538.00 in attorney's fee.
First, before there can be an award of punitive damages for a breach of an insurance contract there must be a willful and independent tort separate and distinct from the breach of contract. MacDonald v. Penn Mutual Life Insurance Co., 276 So.2d 232 (Fla. 2d DCA 1973); Allstate Insurance Co. v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976). See also Butchikas v. Travelers Indemnity Co., 343 So.2d 816 (Supreme Court of Florida Case No. 47,733, opinion filed June 30, 1976). Smith has neither alleged nor proved facts sufficient to support a finding that Aetna was guilty of such a willful and independent tort. The trial court erred in denying Aetna's motion for directed verdict in regard to punitive damages.
Additionally, in reference to the award of attorney's fee, the law is clear. Section 627.428(1), Florida Statutes (1975), provides for an attorney's fee in certain insurance cases, but Section 627.401(2) says that the above provision shall not apply as to:
Policies or contracts not issued for delivery in this state nor delivered in this state, except as provided in § 627.410(6) (approval of forms for delivery in jurisdictions where local approval not provided for).
The policy in this case falls clearly within the exclusion because the policy was not issued for delivery in Florida nor delivered in this state. Smith is a resident of North Carolina, where the policy was issued and delivered. Attorney's fees are not recoverable under these circumstances. Pan-American Life Insurance Co. v. Diaz, 322 So.2d 549 (Fla. 1975); Pan-American Life Insurance Co. v. Fuentes, 258 So.2d 8 (Fla. 4th DCA 1971); Confederation Life Association v. Alvarez, 276 So.2d 95 (Fla. 4th DCA 1973); Home Insurance Co. v. Denning, 177 So.2d 348 (Fla. 3d DCA 1965).
The next question is whether the trial court erred in allowing, over Aetna's objection, certain testimony by an assistant manager of Travelers Insurance Company. In answer to a hypothetical question, the witness was allowed to express his opinion that Smith was a proper person to receive disability benefits under the policy. Also, in response to the question whether Travelers under the circumstances of this case would have continued benefits to Smith, he was allowed to testify that "We would continue benefits." The admission of this testimony was prejudicial error. The witness was not qualified to express an opinion concerning Smith's disability, and what Travelers Insurance Company would have done regarding the payment of benefits to Smith is irrelevant. The trial court should have granted Aetna's motion for a new trial.
Lastly, Aetna argues that the trial court erred in instructing the jury that it could return damages for the life of the policy, thus allowing the jury to award future damages. Since the record does not reflect that Aetna objected when the instruction was given, we normally would not accept this issue on appeal. Fla.R.Civ.P. 1.470(b). However, for the benefit of the trial court and counsel in the event of a new trial we will consider the question.
*787 The instruction is erroneous because future damages are not recoverable under the circumstances of this case. A substantial number of jurisdictions have adopted the view that the right of action based upon an insurer's failure to pay periodic indemnity or benefits is limited to the installments which have accrued at the institution of the action. 44 Am.Jur.2d, Insurance, § 1598. This rule has been followed in Florida. Mutual Life Insurance Co. v. Knight, 130 Fla. 733, 178 So. 898 (1937). A recognized exception may be applicable where there is a repudiation of the entire contract by the insurer, but an insurer's refusal to continue total disability benefits, upon the ground that the insured was not in fact totally disabled, does not amount to a repudiation of the entire contract. This is true even if the insurer is mistaken as to the insured's disability. Mobley v. New York Life Insurance Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621 (1935); 99 A.L.R. 1166.
There is a genuine factual issue whether Smith is totally disabled. Since the evidence is insufficient to support a finding that Aetna repudiated the policy, Smith could not recover future damages.
REVERSED AND REMANDED.
MAGER, C.J., and DAUKSCH, J., concur.