Carlton D. KLEIN, Plaintiff-Appellant,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a foreign corporation, Defendant-Appellee.

No. 81–5255.

United States Court of Appeals, Eleventh Circuit.

Aug. 19, 1982.

Virgin, Whittle & Garbis, Fred M. Kray, Gary E. Garbis, Miami, Fla., for plaintiff-appellant.

Steel Hector & Davis, John M. Barkett, Miami, Fla., for defendant-appellee.

Before MILLER *, Judge, TJOFLAT and CLARK, Circuit Judges.

CLARK, Circuit Judge: ·

This is an appeal by Carlton D. Klein from a summary judgment on behalf of John Hancock Mutual Life Insurance Com-

*Honorable Jack R. Miller, Judge, for the U.S. Court of Customs and Patent Appeals, sitting

pany (John Hancock) entered by the district court below. We reverse.

Appellant is insured under five life insurance policies issued by John Hancock. Each of these policies contains a provision whereby John Hancock agrees to waive payment of premiums in the event the policyholder establishes that he is totally disabled.

Klein first filed a waiver claim in June of 1976. At that time, his physician, Dr. David Katzin, submitted to John Hancock statements of total disability based on his diagnosis that Klein suffered from post-traumatic cephalgia, a laceration of the scalp, cervical strain, headaches, neck pain, and weakness in the left arm.

John Hancock refused to waive payment on the basis that the injury did not cause total disability. In 1977, Klein brought suit in state court, seeking a declaration that the premiums due and owing were waived and damages for mental distress and financial embarrassment.

On September 30, 1977, in consideration of $6,502.30, Klein entered into an agreement with John Hancock entitled "Release of All Claims." The amount of premiums then in dispute was in excess of $30,000. The release encompassed:

all actions, or causes of action, suits . . . claims and demands whatsoever . . . which the undersigned ever had, now has or which may hereafter accrue for, upon or by reason of any matter cause or thing whatsoever from the beginning of the world to the day of the date of this release. This release includes all claims and causes of action, asserted or which could have been asserted in, or related to or connected with that certain cause now pending in the Circuit Court, 11th Judicial Circuit in and for Dade County, Florida, styled [Klein v. John Hancock].

Four days later, the trial judge dismissed the case with prejudice based upon a stipulation of the parties.

by designation.

Klein continued to pay premiums without protest for about two years. Then, in June of 1979, he filed a second claim with John Hancock. Dr. Katzin submitted two reports similar to the ones submitted in 1976, stating that Klein suffered from post-traumatic cephalgia.[1] Thus, the claimed disabling condition is essentially the same as in 1976 and arises from the same injury. As in 1976, the insurance company refused to waive premiums. Klein filed suit in state court and the defendant removed. John Hancock raised the release as an affirmative defense arguing that the present action was barred thereby.

The district judge noted that on the face of the release all claims which could have been asserted in the state case were included. Klein contended below that his right to the waiver of future payments had not accrued at the time of the first action and thus could not have been asserted, and thus John Hancock was not released from liability therefor. The district court held that the claim of total disability, present and future, was before the first court and that the release covered all claims that would arise from that disability from the date of the release forward.

 The trial court misconceived the basis of Klein's claim. It was not based on his disability but on the insurance carrier's failure to waive premiums because of that disability. Although disability of the insured is a condition precedent to the insurer's responsibility to waive premiums, it does not form the basis for the cause of action. The cause arises when waiver is refused. The first lawsuit, as this one, is based upon a long-term continuing contract. Such a contract can be breached intermittently during its term. Litigation or settlement will not automatically bar a later suit for a second, identical breach. An insurer, to bar a subsequent claim for breach of contract arising from a failure to waive premiums in the face of a similar or identical causative occurrence, must take pains to make such a release absolutely clear.

At trial defendant sought summary judgment on its defense that the action is barred by the prior release. The release in this case is extremely broad. It can be read to include any claim Klein would have by reason of any matter, cause or thing whatsoever from the beginning of the world *to the date of the release.* The injury alone would be a "thing" giving rise to a claim. Nonetheless, the parties properly focus on claims which were or could have been raised in the first action. Those claims are based on John Hancock's alleged failure to perform its contractual duty to waive premiums. This is a reasonable reading of the release viewing the general language at the beginning of the release as being limited by the more specific language at the end. Such a reading is also consistent with Florida law.

> A general release which is not restricted by its terms to particular claims or demands, as in the case sub judice, will ordinarily be regarded as embracing all claims or demands which had *matured* at the time of its execution.

*Sottile v. Gaines Construction Company,* 281 So.2d 558, 561 (Fla. 3d DCA 1973) (emphasis in original).

As noted above, the release included "all claims and causes of action asserted . . . ." In the initial state court action, Klein's complaint prayed that:

> 1. This Court find that the Plaintiff has complied with the terms and conditions of the said insurance policies and that the *premiums due and owing* be and the same are hereby waived under the said terms and conditions of the said policies.
>
> 2. That the *premium paid* under protest by the Plaintiff to the Defendant while the Plaintiff was disabled be and the same reimbursed to the Plaintiff.

---

1. In the second report, the laceration and cervical strain were not mentioned. Hypertension was listed. According to Dr. Katzin, Mr. Klein suffered from this for many years and the condition was unrelated to the head injury. Thus, the plaintiff now claims entitlement only for the post-traumatic cephalgia.

3. That this Court award damages for the mental distress and financial embarrassment that the Plaintiff has been caused to suffer and that this Court assess punitive damages against the Defendant plus interest on the said premiums paid by the Plaintiff under protest, plus court costs and reasonable attorneys' fees.

(Emphasis supplied.) As is clear from the reading of the complaint, the claim was limited to premiums "due and owing" and sought no relief with respect to the waiver of future premiums.

■ The release also "includes all claims and causes of action, asserted or which could have been asserted in, or related to or connected with that certain cause now pending . . . ." Under Florida law, plaintiff's right of action was limited to benefits which had accrued at the time of the action. *Mutual Life Insurance Co. v. Knight*, 130 Fla. 733, 178 So. 898 (1937).

In *Aetna Life Ins. Co. v. Smith*, 345 So.2d 784 (Fla. 4th DCA 1977),

Smith sued Aetna alleging that he had become totally disabled and was entitled to receive benefits under a group disability insurance policy. Aetna had initially paid benefits under the policy but then discontinued payments. In his complaint Smith demanded judgment for both past and future benefits under the policy, punitive damages, and attorney's fee.

*Id.* at 786.

The court discussed the prospective damages claim.

Lastly, Aetna argues that the trial court erred in instructing the jury that it could return damages for the life of the policy, thus allowing the jury to award future damages. Since the record does not reflect that Aetna objected when the instruction was given, we normally would not accept this issue on appeal. Fla.R. Civ.P. 1.470(b). However, for the benefit of the trial court and counsel in the event of a new trial we will consider the question.

The instruction is erroneous because future damages are not recoverable un-

der the circumstances of this case. A substantial number of jurisdictions have adopted the view that the right of action based upon an insurer's failure to pay periodic indemnity or benefits is limited to the installments which have accrued at the institution of the action. 44 Am. Jur.2d, Insurance, § 1598. This rule has been followed in Florida. *Mutual Life Insurance Co. v. Knight*, 130 Fla. 733, 178 So. 898 (1937).

345 So.2d at 787. The Florida Supreme Court declined review of the Fourth District Court of Appeal's decision. 353 So.2d 678 (1977). The First District Court of Appeal has followed the rationale of the Fourth District. *Monsanto Company v. Fuqua*, 280 So.2d 496 (Fla. 1st DCA 1973).

■ Although the *Aetna* line of cases deal with disability insurance rather than waiver of premiums in the event of disability, the same rationale is applicable in both circumstances. Thus, the claim now being asserted had not matured and was not and could not have been asserted in the first action and, therefore, the instant claim is not barred by the release. Therefore, this case must be REVERSED and REMANDED for further proceedings in light of this opinion.