**William DUNLAP, Plaintiff,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant.**

No. 96–2402–CIV–T–17A.

United States District Court, M.D. Florida.

April 11, 1997.

James J. Dowling, Law Offices of Berger & Dowling, Palm Harbor, FL, for Plaintiff.

Anne Jennings Williams, James Maxwell Landis, Monta M. King, Foley & Lardner, Tampa, FL, for Defendant.

### ORDER ON PLAINTIFF'S MOTION FOR REMAND AND AWARD OF ATTORNEY'S FEES

KOVACHEVICH, Chief Judge.

This cause came before the Court on Plaintiff's Amended Motion for Remand and Award of Attorney's Fees (Docket No. 9) and Defendant's response to Plaintiff's Motion to Remand (Docket No. 12). Upon review of the motions and supporting memoranda filed by the parties, this Court finds that both motions should be denied.

### FACTS

On or about July 24, 1987, Defendant issued to Plaintiff two (2) disability income insurance policies (*see* Exhibits "A" and "B"). In January 1996, Plaintiff submitted a claim for disability benefits under the policies. Defendant paid policy benefits to Plaintiff for approximately six (6) months. On or about October 10, 1996. Defendant informed Plaintiff that it would cease payments because it had determined that Plaintiff was not disabled under the terms of the policies (*see* Exhibit "C").

Plaintiff initiated this action on November 5, 1996, in the County Court for Pinellas County, Florida, Case No. 96–8962–CO–42. Defendant New York Life Insurance Company, removed this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441.

### DISCUSSION

**Motion to Remand**

Plaintiff has filed an amended motion to remand this case to state court (Docket No. 9). Plaintiff alleges that the amount in controversy is less than the $50,000.00 required under 28 U.S.C. § 1332 to justify federal diversity jurisdiction. To support his claim, Plaintiff cites an *ad damnum* clause in ¶ 4 of Plaintiff's Amended Motion to Remand (Docket No. 9): "this is an action for damages less than $15,000.00." Plaintiff maintains that this clause conclusively establishes that the amount in controversy is less than $50,000.00.

The burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court. *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253 (5th Cir.1961).[1] The removing party

---

1. The Court notes that *Gaitor* is binding precedent in this circuit. *See Bonner v. City of Prich-* *ard,* Ala., 661 F.2d 1206, 1207 (11th Cir.1981).

must make "an affirmative showing ... of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." *Gaitor,* 287 F.2d at 255. Furthermore, for the purpose of establishing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Gaitor,* 287 F.2d at 254. Plaintiff's Complaint (Docket No. 2) includes several contradicting assertions as to the amount in controversy.

In paragraph 13 of Count I of his Complaint, Plaintiff alleges that he "has suffered damages as a result of Defendant's breach and will continue to suffer such damages including, but not limited to, benefits payable under the contracts and all premiums paid during the pendency of this suit." Further, Plaintiff alleges, in paragraph 20 of Count II of his Complaint, "[t]his Court's declaration is not merely for giving legal advice but rather is needed to determine rights, duties and obligations which have occurred and which will occur in the future." In both of the above quotes from Plaintiff's Complaint, Plaintiff refers to his interest in receiving future damages.

Defendant, on the other hand, contends that the payments of the claim, including the possibility of future damages, entitle Plaintiff to well over $50,000.00, which exceeded the threshold for federal jurisdiction at the time of the removal. Defendant contends that Plaintiffs possible damages will exceed fifty thousand dollars ($50,000.00), exclusive of interest and costs, as evidenced by the fact that the policies, attached to Plaintiff's Complaint (Docket No. 2) as Exhibits A and B, provide for lifetime benefits of $2,040.00 per month ($1040.00 per month under the policy attached as Exhibit "A" to Plaintiff's Complaint, and $1000.00 per month under the policy attached as Exhibit "B" to Plaintiff's Complaint). Since Plaintiff is approximately fifty seven (57) years old, if a determination of "total disability" is made, Plaintiff stands to be awarded damages exceeding $50,000.00 exclusive of interest and costs.

Plaintiff cited this Court to *Aetna Life Ins. Co. v. Smith,* 345 So.2d 784 (Fla. 4th DCA 1977), where the court found that "the right of action based upon an insurer's failure to pay periodic indemnity or benefits is limited to the installments which have accrued at the institution of the action" (citing 44 Am. Jur.2d, Insurance, § 1598). *Aetna* would initially direct this court to hold that this case could be properly remanded to state court because the amount in dispute is less than the $50,000.00 minimum for federal court (since the amount in controversy is accrued only up until the time of the dispute). But, the *Aetna* court provided an exception to the rule. "A recognized exception may be applicable where there is a repudiation of the entire contract by the insurer, but an insurer's refusal to continue total disability benefits, upon the ground that the insured was not in fact totally disabled, does not amount to a repudiation of the entire contract."

This exception applies in the case at bar. Defendant repudiated the entire contract when it refused to continue making any payments whatsoever to Plaintiff. In paragraph 10 of his Complaint, Plaintiff alleges that, "[o]n or about October 10, 1996, Defendant advised Plaintiff that it had determined that he was not disabled under the terms of the policies and refused to make any further payments." Therefore, this Court finds that the moving party (Defendant) has carried its burden of establishing the requisite amount in controversy needed to establish the alleged diversity jurisdiction.

## FEES

Generally, a party may recover only for the time spent responding to a frivolous pleading. *Unanue Casal v. Unanue Casal,* 132 F.R.D. 146, 152 (D.N.J.1989); *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 99 (3d Cir.1988). Plaintiff is not entitled to attorney's fees pursuant to 28 U.S.C. § 1447© because the Court determined that Defendant's argument that the amount in controversy exceeds $50,000.00 is not only reasonable, but further, it is legally proper. Accordingly it is

**ORDERED** that Plaintiff's Amended Motion to Remand and Motion for Award of Attorney's Fees (Docket No. 9) be **DENIED.**