ORDER
 

 DIMITROULEAS, District Judge.
 

 THIS CAUSE is before the Court upon Defendant, Pennsylvania Life Insurance Company’s Motion for Summary Judgment on Count II of Plaintiffs Amended Complaint, filed herein on February 29, 2000. The Court has carefully reviewed the motion and is otherwise fully advised in the premises.
 

 I. BACKGROUND
 

 On August 26, 1991, Plaintiff, Melvina Amritt, purchased a disability benefits insurance policy from Defendant, Pennsylvania Life Insurance Company. The policy provided that in the event of total disability, Plaintiff would receive disability benefits through the age of sixty-five. The monthly benefit under the terms of the policy is $1,380 per month.
 

 On April 27, 1995, when Plaintiff was fifty-one years old, she was involved in an automobile accident. As a result of the accident, Plaintiff claimed that she was totally disabled and entitled to disability benefits under the subject policy. Plaintiff then filed a claim with Defendant seeking disability benefits. Defendant initially paid disability payments to the plaintiff for several months. However, in February, 1997, Defendant stopped paying Plaintiff any disability benefits. Defendant continued to accept and endorse Plaintiffs premium payments, and Plaintiff has continued to pay her premiums under the policy.
 

 In an attempt to resolve the present dispute, on June 4, 1997, Plaintiffs attorney sent a letter to Defendant offering to settle the claim for $125,000. Subsequent letters offered to settle the matter for $100,000. After the parties failed to resolve the dispute, and over one and one-half years after Defendant stopped paying the disability benefits, the present action followed.
 

 On October 2, 1998, Plaintiff commenced the present action by filing a complaint in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 98-015677-CACE-09. The complaint asserted claims for failure to pay disability benefits (Count I), intentional infliction of emotional distress (Count II), and reckless infliction of emotional distress (Count III). Defendant removed the present action within thirty days of receipt of a discovery response.
 

 Plaintiff then filed a two count Amended Complaint, alleging: 1) Breach of contract; and 2) repudiation. Defendant filed this Motion for Summary Judgment on Count II. Defendant argues that there is not any evidence in the record that Defendant repudiated Plaintiffs insurance policy, and the present action is solely a breach of contract claim. Plaintiff responds by arguing that there is a genuine issue of material fact regarding whether Defendant repudiated the insurance policy.
 

 
 *1324
 

 II. DISCUSSION
 

 The Court may grant summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary,
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party,
 
 Adickes v. S.H. Kress & Co.,
 
 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
 

 The movant “bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.”
 
 Celotex Corp.,
 
 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party’s case.
 
 Id.
 
 at 325, 106 S.Ct. 2548.
 

 After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party “must do more than simply show that there is some metaphysical doubt as to the material facts.”
 
 Matsushita Electronic Industrial Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed. R.Civ.P. 56(e), the non-moving party “may not rest upon the mere allegations or denials of the adverse party’s pleadings,” but instead must come forward with “specific facts showing that there is a genuine issue for trial.” Fed.R.Civ.P. 56(e);
 
 Matsushita,
 
 475 U.S. at 587, 106 S.Ct. 1348.
 

 Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.
 
 Anderson,
 
 477 U.S. at 257, 106 S.Ct. 2505. “A mere ‘scintilla’ of evidence supporting the opposing party’s position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party.”
 
 Walker v. Darby,
 
 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party “is merely colorable, or is not significantly probative, then summary judgment may be granted.”
 
 Anderson, 477
 
 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202.
 

 A.
 
 Repudiation
 

 Florida follows many jurisdictions adopting the view that “the right of action based upon an insurer’s failure to pay periodic indemnity or benefits is limited to the installments which have accrued at the institution of the action.”
 
 Aetna Life Insurance Company v. Smith,
 
 345 So.2d 784, 787 (Fla. 4th DCA 1977);
 
 Mutual Life Insurance Company v. Knight,
 
 130 Fla. 733,178 So. 898 (1937). Courts have found an exception where “there is a repudiation of the entire contract by the insurer, but an insurer’s refusal to continue total disability benefits, upon the ground that the insured was not in fact totally disabled, does not amount to a repudiation of the entire contract. This is true even if the insurer is mistaken as to the insured’s disability.”
 
 Aetna Life,
 
 345 So.2d at 787;
 
 Mobley v. New York Life Insurance Co.,
 
 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621 (1935).
 

 Defendant in the present action discontinued disability payments to Plaintiff on the belief that Plaintiff was not disabled. Defendant continues to accept premium payments, and has declared that it will pay benefits if Defendant is ever disabled. Defendant continues to pay the premiums on the insurance policy. This case is directly on point with
 
 Aetna Life.
 
 There exists genuine issues of material fact as to whether Plaintiff is disabled, and that question will be dealt with in Count I of the Amended Complaint. However, as
 
 *1325
 
 a matter of law, Plaintiff does not aver a claim for repudiation, and Plaintiffs claim actually supports Defendant’s argument.
 

 Plaintiff alleges in the Amended Complaint only that Defendant discontinued payment of benefits “without good cause.” Amended Complaint at 2. Plaintiff fails to make allegations as to Plaintiffs bad faith in declining to make the benefit payments. Defendant, however, contends that it discontinued payment because Plaintiff was not totally disabled. “If it made a mistake, there was a breach of a provision of the policy with liability for any damages appropriate thereto.”
 
 New York Life Insurance Co. v. Viglas,
 
 297 U.S. 672, 676, 56 S.Ct. 615, 80 L.Ed. 971 (1936). In the Amended Complaint, there is no contention that a renunciation or abandonment of the contract had occurred.
 
 Id.
 
 at 676, 56 S.Ct. 615.
 

 In
 
 New York Life,
 
 the life insurance company was sued for repudiation because it stopped payment of benefits after one and one half years based on its belief that the insured was not disabled. The Court found that, “Upon showing made in the complaint there was neither a repudiation of the policy nor such a breach ... Repudiation there was none as the term is known to the law. Petitioner did not disclaim the intention or the duty to shape its conduct in accordance with the provisions of the contract. Far from repudiating those provisions, it appealed to their authority and endeavor to apply them.”
 
 Id.
 
 at 676, 56 S.Ct. 615. In
 
 New York Life,
 
 the insurance company followed the policy, by ceasing payment on the belief that the insured was not disabled. On a showing of disability, the insurance company would then follow the policy. Defendant in the present action acted similarly. Following the policy, Defendant believed Plaintiff was no longer disabled and stopped payment of the benefits. Both parties continued to fulfil their other obligations under the policy, only disputing the validity of the disability.
 

 Plaintiff contends that the facts in this case are similar to those in
 
 Peachtree.
 
 This contention is not correct. In
 
 Peach-tree,
 
 Plaintiff filed a breach of contract suit against an insurance company for failure to continue payment personal injury benefits, after Defendant informed Plaintiff that payment would cease on a certain date. Defendant in that case eventually paid the benefits within thirty days of the applicable statute. The issue was whether some insurance companies will cancel benefit payments to their PIP insured and only resume making payments upon those who question the denial.
 
 Peachtree Casualty Insurance Company v. Walden,
 
 759 So.2d 7, 2000 WL 235124 (Fla. 5th DCA Mar. 3, 2000). Additionally, that case involved Defendant setting a date in which it would discontinue payments under the policy, acting as an anticipatory breach of the policy. The Plaintiff in
 
 Peachtree
 
 did not sue for repudiation, but only for breach of contract.
 

 No such anticipatory breach occurred in the present action. Additionally, both parties continue to fulfil their other obligations under the policy.
 

 Plaintiff submits certain reports and evaluations to support the conclusion that Plaintiff is disabled. However, Plaintiff does not offer any evidence that Defendant repudiated the insurance policy. Plaintiff also contends that it would be premature to grant this Motion for Summary Judgment while a Motion to Compel is pending and discovery is ongoing.
 
 Snook v. Trust Company of Georgia, Bank of Savannah,
 
 N.A., 859 F.2d 865 (11th Cir.1988). However, Plaintiff, as a matter of law, does not state a claim for repudiation, nor can she. Additionally, Plaintiff has not specifically alleged what findings in discovery would warrant an extension of time, or stay of this motion.
 

 Ill CONCLUSION
 

 Accordingly, after due consideration, it is
 

 ORDERED AND ADJUDGED as follows:
 

 
 *1326
 
 1. Defendant’s Motion for Summary Judgment as to Count II is hereby GRANTED; and
 

 2. Count II of the Amended Complaint is hereby DISMISSED with prejudice.