897 F.2d 1567
 UNITED STATES of America, Plaintiff-Appellee,
v.
TWENTY (20) CASHIER'S CHECKS, HAVING THE AGGREGATE VALUE OF
TWO HUNDRED THOUSAND ($200,000) DOLLARS IN U.S.
CURRENCY, Defendant,
Gonzalo Hinojosa, Defendant-Appellant.
 No. 89-5639.
 United States Court of Appeals,
Eleventh Circuit.
 April 12, 1990.
 
 Harvey D. Rogers, Miami, Fla., for defendant-appellant.
 Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Jeanne M. Mullenhoff, Anne M. Hayes, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida; Stanley Marcus, Judge.
 Before FAY and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 AFFIRMED on the order of the District Court striking defendant-appellant's claim, attached hereto as an exhibit.
 
 EXHIBIT
 ORDER STRIKING DEFENDANT'S CLAIM
 
 2
 THIS CAUSE has come before the Court upon the Report and Recommendation of United States Magistrate Peter R. Palermo and upon Plaintiff's Motions for Summary Judgment and Motion to Strike Claimant's original claim. We took oral argument as to this matter on November 4, 1988, and upon review of the Report and Recommendation, Plaintiff's objections thereto, and independent de novo review of the record, we adopt in part and reject in part the Magistrate's Report and Recommendation. For the reasons stated at some length below, we adopt that part of the Magistrate's report recommending that Plaintiff's Motion for Summary Judgment be denied. However, we reject the Magistrate's report insofar as it recommends that Plaintiff's Motion to Strike Claimant's claim for lack of standing be denied. Accordingly, Plaintiff's motion to strike Claimant's original claim is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED as moot.
 
 I. FACTS
 
 3
 The United States commenced this in rem action, pursuant to 21 U.S.C. Section 881(a)(6), seeking the forfeiture of twenty cashier's checks having an aggregate value of $200,000. Claimant Gonzalo Hinojosa has interposed a verified claim for restitution of the property. The Claimant, Gonzalo Hinojosa, and his wife, Sheila Hinojosa, were arrested on cocaine charges on May 23, 1981. After being charged and arraigned before a United States Magistrate, the Hinojosas were released on bond. When they failed to appear for a pre-trial conference, their bonds were revoked and warrants were issued for their arrest. The Hinojosas were subsequently convicted in abstentia for the importation and distribution of cocaine. 21 U.S.C. Section[s] 841(a)(1), 846. In November of 1982, Gonzalo Hinojosa was recaptured, placed in custody, and presently remains incarcerated. Sheila Hinojosa, however, remains a fugitive.
 
 
 4
 Some five years after the Claimant and his wife were arrested, the Defendant funds, in 20 checks, were seized from Sharon Selina Wilson and Sylvia Mymeer Jones, sisters of the Claimant's wife Sheila Hinojosa, at Miami International Airport on April 29, 1986. Receipts seized with the checks indicate that the checks were drawn by Sheila Hinojosa from her Swiss bank account. Each of the seized checks was payable to "Sheila Hinojosa or Gonzalo Hinojosa," and each was in the sum of $10,000.
 
 
 5
 Sharon Wilson and Sylvia Jones told officers of the United States Drug Enforcement Administration ("DEA") that they had met their sister Sheila Hinojosa in Zurich, Switzerland on April 24, 1986, and that Sheila Hinojosa had withdrawn the checks from her account and instructed them to travel to Panama and deposit the checks in a designated bank. The sisters then attempted to deposit the checks in a Panamanian bank, but were refused and subsequently expelled from that country. The checks were seized when the sisters attempted to pass through customs in Miami, Florida without declaring the checks. Although Sharon Wilson and Sylvia Jones were not charged with any criminal offense and were released, the Defendant checks were seized and retained by officers of the U.S. Customs Service and the DEA.
 
 
 6
 On January 25, 1988, Claimant served his response to Plaintiff's Request for Production and provided Plaintiff with two receipts, written in Spanish, which were actually contracts between Sheila Hinojosa and Jorge Hinojosa Ramos. The contracts show that Jorge Hinojosa Ramos gave Sheila Hinojosa (Claimant's wife) $800,000 in American money which he states was derived from his work and an inheritance. According to the contract, Sheila Hinojosa was to deposit the money in a foreign country. In consideration for placing this money in a foreign bank, Sheila Hinojosa would be entitled to 10% of the interest accruing from the account. No where in the contracts, however, does it state that Sheila Hinojosa--or anyone else--has rights of ownership to the aforesaid funds. In fact, the contracts state that Sheila Hinojosa must return the funds on 120 days notice. Finally, the contracts make no reference whatsoever to Claimant Gonzalo Hinojosa.
 
 II. SUMMARY JUDGMENT
 
 7
 This action was brought pursuant to 21 U.S.C. Sec. 881(a)(6) which provides in pertinent part, that:
 
 
 8
 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 
 
 9
 (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter....
 
 
 10
 The procedural course which these actions are to follow is that provided for in 19 U.S.C. Sec. 1615, as incorporated by 21 U.S.C. Sec. 881(d), which provides, in pertinent part, that:
 
 
 11
 In all suits or actions ... brought for the forfeiture of any vessel, vehicle, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant ... Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court....
 
 
 12
 Based on these statutory provisions, the government must first establish probable cause to believe that the seized currency was money used in a manner proscribed by 21 U.S.C. Sec. 881(a)(6). The probable cause necessary is a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion. United States v. One 1978 Chevrolet Impala Van, 614 F.2d 983, 984 (5th Cir.1980); United States v. One 1975 Ford Pickup Truck, 558 F.2d 755, 756 (5th Cir.1977). If the government makes a sufficient showing of probable cause, the burden, in the usual case, then shifts to the claimant to show, by a preponderance of the evidence, that the currency is not subject to forfeiture. United States v. One 1975 Ford Pickup Truck, supra.
 
 
 13
 The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:
 
 
 14
 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
 
 
 15
 It may be entered only where there is no genuine issue of material fact. Moreover, the moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 [90 S.Ct. 1598, 1608, 26 L.Ed.2d 142] (1970).
 
 
 16
 In applying this standard, the Eleventh Circuit explained:
 
 
 17
 In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Adickes, 398 U.S. at 157, 90 S.Ct. at 1608; Marsh, 651 F.2d at 991. All reasonable doubts about the facts should be resolved in favor of the non-movant. Casey Enterprises v. Am. Hardware Mutual Ins. Co., 655 F.2d 598, 602 (5th Cir.1981). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. Marsh, 651 F.2d at 991; Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co., 420 F.2d 1211, 1213 (5th Cir.1969). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. Lighting Fixture & Elec. Supply Co., 420 F.2d at 1213. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. Impossible Electronics, 669 F.2d at 1031; Croley v. Matson Navigation Co., 434 F.2d 73, 75 (5th Cir.1970).
 
 
 18
 Moreover, the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. Adickes v. S.H. Kress & Co., 398 U.S. at 160, 90 S.Ct. at 1609-10; Marsh, 651 F.2d at 991. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. Brunswick Corp. v. Vineberg, 370 F.2d 605, 611-12 (5th Cir.1967). See Dalke v. Upjohn Co., 555 F.2d 245, 248-49 (9th Cir.1977).
 
 
 19
 Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368-69 (11th Cir.1982); see also Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir.1985), cert. denied, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986).
 
 
 20
 The United States Supreme Court has recently provided significant additional guidance as to the evidentiary standard which trial courts should apply in ruling on a motion for summary judgment:
 
 
 21
 [The summary judgment] standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. Brady v. Southern R. Co., 320 U.S. 476, 479-80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). YAnderson v. Liberty Lobby, Inc., [477 U.S. 242,] 106 S.Ct. 2505, 2511 [91 L.Ed.2d 202] (1986). The Court in Anderson further stated that "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. [106 S.Ct.] at 2512. In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. Id. at 2513. If the non-movant in a summary judgment action fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted. Id.
 
 
 22
 In another recent case, the Supreme Court has declared that a non-moving party's failure to prove an essential element of a claim renders all factual disputes as to that claim immaterial and requires the granting of summary judgment:
 
 
 23
 In our view, the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
 
 
 24
 Celotex Corp. v. Catrett, [477 U.S. 317] 106 S.Ct. 2548, 2552-53 [91 L.Ed.2d 265] (1986) (emphasis added).
 
 
 25
 Here, although Claimant has submitted no affidavits or exhibits along with its Memorandum in Opposition to Summary Judgment, we find that under the exacting summary judgment standard, on this record, Plaintiff has failed to demonstrate that the cashier's checks at issue are linked to the exchange of a controlled substance. When viewed in a light most favorable to the non-moving party, the case agent's affidavit submitted by the Government in support of its Summary Judgment Motion is insufficient to conclusively establish probable cause. The affidavit merely alleges that the Hinojosas have been convicted of cocaine trafficking in the past, indeed in 1981, and that the seized cashier's checks were drawn by Sheila Hinojosa from her Swiss Bank Account in 1986. Additionally, the affidavit states that when Sheila Hinojosa was arrested in 1981 she told the arresting agents that she was unemployed, and was a housewife. While there may be a strong inference that the funds in the account are the fruits of illegal drug transactions, when viewed in a light most favorable to the non-movant, we find the affidavit insufficient to establish probable cause. The affidavit contains no direct factual evidence in support of the Government's allegation that it has probable cause to believe that a substantial connection exists between the twenty cashier's checks at issue and the exchange of a controlled substance. While an attempt to deposit in a Panamian bank $200,000 in checks drawn upon a Swiss bank account, by two sisters of a fugitive convicted of narcotics offenses, is surely a very suspicious sequence of events, it does not necessarily amount to probable cause. The evidence presented in support of the motion for summary judgment does not establish that the 1986 cashier's checks at issue are in fact substantially related to a specific exchange of a controlled substance which occurred back in 1981. And indeed the contracts produced by Claimant in response to Plaintiff's request for production, and relied upon by Plaintiff in support of its motion to strike, offers a wholly different explanation for the moneys in Sheila Hinojosa's Swiss bank account. Thus, because the Government has failed to show probable cause, the burden does not shift to the claimant. Accordingly, we must deny Plaintiff's Motion for Summary Judgment.III. STANDING
 
 
 26
 On February 12, 1988, Plaintiff moved to strike the claim and answer of Mr. Gonzalo Hinojosa on the ground that he lacked the requisite standing to claim the Defendant cashier's checks. Claimant filed no response.
 
 
 27
 To contest a forfeiture action, an individual must first demonstrate an interest in the seized property sufficient to satisfy the court of his or her standing as a claimant. United States v. Three Hundred Sixty Thousand Nine Hundred Sixty Dollars in U.S. Currency, 661 F.2d 319, 326 (5th Cir.1981). At a minimum, a claimant must assert either an ownership or possessory interest in the property seized. And the burden of establishing standing is on the Claimant. United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir.1984). The possession of bare legal title, however, may be insufficient to establish ownership where claimant has neither possession nor dominion over the seized property. See, e.g., United States v. A Single Family Residence, 803 F.2d 625, 630 (11th Cir.1986). Here, Claimant indisputably lacked both possession and dominion over the cashier's checks at the time of seizure. Further, Claimant has given power of attorney to his wife--a federal fugitive prohibited from bringing suit as a claimant. See, e.g., Molinaro v. New Jersey, 396 U.S. 365, 366-67 [90 S.Ct. 498, 498-99, 24 L.Ed.2d 586] (1970).
 
 
 28
 In recommending that Plaintiff's Motion to Strike claimant's claim be denied, Magistrate Palermo first relied on the recent Eleventh Circuit opinion in United States v. $38,000 in U.S. Currency, 816 F.2d 1538 (11th Cir.1987), in which the Court held that a claimant in a forfeiture action need not own the seized property to be able to contest its forfeiture where a lesser property interest, such as a possessory interest, is sufficient for standing. Id. at 1544. United States v. $38,000, however, is not controlling precedent in the instant case. In United States v. $38,000, the Eleventh Circuit was confronted with the question of whether a bailee of seized currency had a sufficient interest in the bailed currency to have Article III standing to contest the currency's forfeiture. Finding that a bailee has a possessory interest in bailed property sufficient to assert a claim against anyone, other than the bailor, who interferes with that interest, the Court held that the bailee had Article III standing to contest the forfeiture of the bailed currency. Id.
 
 
 29
 Notwithstanding the fact that Claimant was not a bailee, in the instant case, Magistrate Palermo analogized the bailee's interest in bailed property with claimant's interest in checks possessed by his spouse, Sheila Hinojosa, finding that claimant had constructive possession of the checks when they were seized from his spouse. We disagree.
 
 
 30
 The Eleventh Circuit's holding in United States v. $38,000 was firmly premised on the common law rule that a bailee assumes a possessory interest in bailed property. See Dunavant Enterprises, Inc. v. Strachan Shipping Co., 730 F.2d 665, 668 (11th Cir.1984); Baldwin v. Hill, 315 F.2d 738, 742 (9th Cir.1963). Claimant Gonzalo Hinojosa, however, possesses no equivalent common law possessory interest merely because his spouse may have had an interest in the seized cashier's checks. In fact, the documents authorizing the transfer of funds from Jorge Hinojosa Ramos to Sheila Hinojosa, for the specific purpose of depositing those funds in a foreign bank, clearly do not transfer ownership or possessory rights to Sheila Hinojosa or anyone else. Further, the record clearly establishes that the checks were not seized from Sheila Hinojosa, Claimant's wife, as erroneously indicated by Magistrate Palermo in his March 1, 1988 Report and Recommendation, but rather were seized from Sheila Hinojosa's sisters, Sharon Wilson and Sylvia Jones. Indeed, Sheila Hinojosa has been a fugitive since August 1981. Thus, we are unpersuaded that Claimant, at the time of seizure, had a constructive possessory interest in the cashier's checks sufficient to give him Article III standing to assert a claim against Defendant property. Moreover, to confer standing upon a claimant based on the derivative notion of "constructive possession" of checks seized from a fugitive spouse would undermine the precept that a fugitive from justice is not entitled to file suit as a claimant.
 
 
 31
 Where, as here, the party challenging forfeiture is not the person who was in possession of the property at the time it was seized, but is instead a claimant purporting to hold a valid assignment of the right to such property, the requirements for establishing standing are twofold: first, claimant must show that the assignment was valid, i.e., that it effectively conveyed to the assignee an interest in the subject property, see United States v. Currency Totaling $43,318.08, 609 F.2d 210 (5th Cir.1980); and second, claimant must demonstrate that its assignor held a valid ownership interest in the seized property at the time of assignment. See Florida Bahamas Lines, Ltd. v. Steel Barge, 433 F.2d 1243, 1246 (5th Cir.1970); United States v. $11,580.00 in United States Currency, 454 F.Supp. 376, 381 (M.D.Fla.1978).
 
 
 32
 Here, Claimant has failed to establish either that the assignment of the checks to him was valid or that the assignee possessed a valid ownership interest in the Swiss bank account from which the checks were drawn at the time the assignment was made. Further, Claimant has alleged no facts in his Answer/Counterclaim to establish that he has either a possessory or ownership interest in the cashier's checks, nor has he filed anything in response to Plaintiff's Motion to Strike on the ground that Claimant lacks standing. Finally, the Spanish contracts produced by Claimant in response to Plaintiff's Request for Production establish that Sheila Hinojosa had no legal interest in the $800,000 transferred to her by Jorge Hinojosa Ramos at the time she drew the 20 cashier's checks. In short, Claimants have produced nothing to establish that Sheila Hinojosa had any legal ownership interest in the funds in her Swiss bank account at the time she conveyed the cashier's checks to Gonzalo Hinojosa. Because an assignee acquires only the interest of the assignor, United States v. $11,580 in United States Currency, supra at 381 citing Florida Bahamas Lines supra, this Court holds that Gonzalo Hinojosa has acquired no valid interest in the twenty cashier's checks.
 
 
 33
 In sum, as a matter of fact and law, Claimant has failed to evince a sufficient interest in the cashier's checks to be considered a real party in interest. Moreover, we find that the Claimant has failed to meet his burden of demonstrating an interest sufficient to establish standing to challenge the Government's forfeiture action. Accordingly, it is
 
 
 34
 ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Claimant's claim is GRANTED.
 
 
 35
 DONE AND ORDERED.
 
 
 36
 /s/ Stanley Marcus
 
 United States District Judge
 Southern District of Florida