**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee corporation, Plaintiff,**

v.

**Richard VAN GEMERT, D.D.S., an individual, Defendant.**

**Richard Van Gemert, Counterclaimant,**

v.

**Provident Life and Accident Insurance Company, Unum Corporation, Unumprovident, Counter-defendants.**

**No. CV 01–09498SVWPJWx.**

United States District Court, C.D. California, Western Division.

March 4, 2003.

Robert J McKennon, Kira A Schlesinger, Barger & Wolen, Irvine, CA, for Provident Life & Accident Insurance Company, a Tennessee corporation, plaintiff.

Frank N Darras, Michael B Horrow, Shernoff Bidart Darras, Claremont, CA, for Richard Van Gemert, DDS., an individual, Does, 1 through 10 inclusive, defendants.

## ORDER RE CROSS–MOTIONS FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION

WILSON, District Judge.

## I. INTRODUCTION

Plaintiff/Counter-defendant Provident Life and Accident Insurance Company ("Provident"), a Tennessee corporation, brings a declaratory action to establish its liability to policyholder Defendant/Counterclaimant Richard Van Gemert, D.D.S. ("Van Gemert"), an individual and California resident. The Court has jurisdiction over the subject matter based on diversity of citizenship. 28 U.S.C. § 1332(a)(1).

Van Gemert counterclaimed against Provident Life and Accident Insurance Company, Unum Corporation, and UnumProvident, asserting breach of the implied covenant of good faith and fair dealing, breach of contract, and intentional and negligent interference with the patient/physician relationship. In its September 12, 2002 Order, the Court dismissed Van Gemert's latter two counterclaims with prejudice, and construed his first two claims as alternative pleadings of a claim for breach of the implied covenant.

Now before the Court are cross-motions for summary judgment or partial summary judgment by both parties, as to both the Complaint and Counterclaim. For the reasons set forth below, the cross-motions are DENIED as to the Complaint, Provident's Motion for Summary Judgment re Van Gemert's Counterclaim is GRANTED, and Van Gemert's Motion for Partial Summary Judgment re Van Gemert's Counterclaim is DENIED.

## II. FACTUAL / PROCEDURAL BACKGROUND

In 1977 and 1987, Plaintiff/Counter-defendant Provident issued a total of three disability income insurance policies to Defendant/Counterclaimant Richard Van Gemert, an oral surgeon. In pertinent part, the two policies issued in 1987 (the "1987 Policies") include "appropriate care" provisions, which require that an insured claiming benefits be "receiving care by a physician which is appropriate for the condition

causing the disability." The 1977 Policy requires only that the insured be "under the care and attendance of a physician" other than himself.

In February 1996, Van Gemert claimed total disability due to vision loss in his left eye, which resulted from the confluence of a cataract and chronic inflammation in that eye. Shortly after the policies' elimination periods, Provident commenced paying Van Gemert benefits that today amount to approximately $10,090 per month.

Between 1996 and 2001, Van Gemert was examined by a number of doctors, both at the request of Provident and at his own behest. In October 2001, Provident began asserting that curative surgery was the appropriate course of care for Van Gemert and, as such, that it was required under the policies.

Van Gemert refused until recently to undergo the procedure, contending that such care is not required under the policies. As a result, Provident has paid benefits to Van Gemert under a reservation of rights. Purportedly in light of changes in his condition and new advice from his doctors, however, Van Gemert finally decided to have the surgery, which was performed February 24, 2003.[1]

Provident brought this action for declaratory relief, and subsequently added a claim for restitution of the benefits paid since Provident began paying under a reservation of rights. Van Gemert counterclaimed for breach of contract, including, principally, breach of the implied covenant of good faith and fair dealing, and intentional and negligent interference with the physician/patient relationship. The latter two claims were dismissed with prejudice.

Now before the Court are cross-motions for summary judgment of Provident's Complaint, a motion by Provident for summary judgment of Van Gemert's Counterclaim, and a partial motion for summary judgment by Van Gemert of his counterclaim, as it relates to the 1977 Policy.

## III. ANALYSIS—COMPLAINT

### (1) 1987 Policies

The Court adopts as its own the reasoning set forth in *Provident Life & Accident Ins. Co. v. John Henry,* 106 F.Supp.2d 1002 (C.D.Cal.2000).

 Accordingly, there remains a triable issue of fact whether the surgery urged by Provident represents "appropriate care," i.e., whether such care "would be determined objectively as the treatment a patient would make a reasonable decision to accept after duly considering the opinions of medical professionals." *Henry,* 106 F.Supp.2d at 1004.

### (2) 1977 Policy

The *Henry* court specifically did not reach the question whether an "appropriate care" provision is implied into all disability insurance contracts. *See* 106 F.Supp.2d 1002 n. 1. Provident argues that such is the case.

However, the 1977 Policy is not entirely silent on the care that must be sought by an insured claiming benefits. Rather, it requires that the insured be "under the care and attendance of a physician." Neither the meaning of this phrase, nor the question whether a surgery obligation is implied into all disability policies, appears to have been addressed by any reported California case. The Court does not reach the latter question, however, as it concludes that the "care and attendance of a physician" should be construed to both govern the care required, and that such

---

**1.** It was represented to the Court at hearing on these motions that the surgery was successful and that the prospects for full recovery of vision are good.

care may consist of surgery where surgery represents the only course of medical care a reasonably prudent person would pursue.

■ "Insurance policies are contracts and are therefore subject to the rules of construction governing contracts." *Safeco Ins. Co. v. Robert S.*, 26 Cal.4th 758, 110 Cal.Rptr.2d 844, 28 P.3d 889 (Cal.2001); *accord Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264, 10 Cal.Rptr.2d 538, 833 P.2d 545 (Cal.1992). This includes the rule that "[c]ourts will not undertake to relieve parties from the express and plain stipulations into which they have entered." *Pacific Heating & Ventilating Co. v. Williamsburgh City Fire Ins. Co. of Brooklyn*, 158 Cal. 367, 369, 111 P. 4 (Cal. 1910). Further, it is well-established that an insurance policy will be construed to meet the reasonable expectations of the insured, that the insuring clause will be broadly construed and exclusions strictly construed, and that any ambiguity will be resolved in favor of the insured. *See* 1 Witkin Contracts § 699 (9th ed.1987) (collecting cases and commentary). In light of similar principles under Illinois law, the Seventh Circuit in *Heller v. Equitable Life Assurance Soc.*, 833 F.2d 1253 (7th Cir. 1987), construed nearly identical "care and attendance" language *not* to require that an insured submit to surgery.

■ However, the analysis under California law is informed by the covenant of good faith and fair dealing, which is implied into all California contracts, including those for insurance. *See Murphy v. Allstate Ins. Co.*, 17 Cal.3d 937, 940, 132 Cal.Rptr. 424, 553 P.2d 584 (Cal.1976). The duty of good faith and fair dealing is reciprocal, binding both insurer and insured. *See Commercial Union Assurance Companies et al. v. Safeway Stores, Inc.*, 26 Cal.3d 912, 918, 164 Cal.Rptr. 709, 610 P.2d 1038 (Cal.1980). The covenant imposes on a party both the duty to refrain from rendering performance impossible, and "to do everything that the contract presupposes he will do to accomplish its purpose." *Harm v. Frasher*, 181 Cal. App.2d 405, 417, 5 Cal.Rptr. 367 (Cal.App. 1960).

■ The Court concludes that a "care and attendance" provision should not be construed under California law to exclude categorically an obligation to seek mitigating surgery. The language of the 1977 Policy is distinct from the 1987 Policies only in that the latter specify the physician's care must be "appropriate for the condition causing the disability." This contractual clarification is largely superfluous in light of the implied covenant. It is manifest that the "care and attendance" requirement presupposes the insured will not seek or choose care *inappropriate* to the condition causing disability. If, for instance, a patient's doctors urge surgical intervention as the only appropriate course of medical care, and the patient refuses to so submit, it is hard to see how that patient could, in any meaningful sense, still be "under the care and attendance" of a physician.

■ "The goal of contract interpretation is to determine and give effect to the mutual intention of the parties." *Safeco Ins. Co.*, 26 Cal.4th at 763, 110 Cal. Rptr.2d 844, 28 P.3d 889. A disability policy that requires an insured claiming benefits to be "under the care and attendance" of a physician cannot reflect an intent of the parties that the insurer will be obligated to pay benefits even if the insured stubbornly refuses the only appropriate "care" recommended.

Obviously, however, this is a contextual analysis. Provident goes too far by arguing that the 1977 Policy obligates Van Gemert to submit to "reasonable curative or mitigating procedures as a precondition to receiving benefits ...." (Provident's Memo of P & A in Supp. of MSJ, at 16.)

Where a patient is presented with more than one "reasonable" treatment option, or where a treating physician is ambivalent about the risks or remedial value of surgery, it would seem sufficient under the "care and attendance" provision that the patient has considered and elected not to pursue such a course.

■ Accordingly, the Court concludes that Van Gemert was obligated to undergo surgery under the terms of the 1977 Policy only if such care reflected the only treatment option a reasonably prudent person would choose. This presents a triable issue and, therefore, summary judgment is denied.

## III. ANALYSIS—COUNTERCLAIM

Van Gemert counterclaims against Provident, arguing that Provident's pursuit of this action constitutes a breach of the implied covenant of good faith and fair dealing.

■ Where an insurer in bad faith pays benefits under a reservation of rights and files a declaratory relief action regarding insurance coverage, the insurer may be liable for a breach of the implied covenant. *See Dalrymple v. United Services Auto. Assn.,* 40 Cal.App.4th 497, 515, 46 Cal. Rptr.2d 845 (1995). To show a breach of the implied covenant, the insurer's position regarding liability under the policy must be both erroneous *and* unreasonable. *See Brandt v. Superior Court,* 37 Cal.3d 813, 819, 210 Cal.Rptr. 211, 693 P.2d 796 (1985). In other words, to prevail on his counterclaim, Van Gemert must show that Provident's conduct, "whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act." *Chateau Chamberay Homeowners Assn. v. Associated Int'l Ins. Co.,* 90 Cal.App.4th 335, 346,

108 Cal.Rptr.2d 776 (2001). But "where there is a *genuine issue* as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of that dispute." *Chateau,* 90 Cal.App.4th at 347, 108 Cal. Rptr.2d 776 (emphasis original).

It is essentially unresolved in this state and circuit whether and when surgical intervention can be required under policy terms like those at issue in this case. In essence, Provident's liability turns on an unresolved question of law, and the import of judicial authorities that have been divided since the 1930s. In such circumstances, an insurer should generally be encouraged, and not punished, for seeking judicial guidance.

■ Of course, even if the Court adopted Provident's favored interpretation of the policies, its filing of this action could be considered "unreasonable" if the facts suggested that no reasonably prudent person would have submitted to the course of treatment Provident demanded. But the record reflects that a number of doctors who examined Van Gemert—including his own—concluded the contemplated surgery was appropriate and reasonably low-risk. Thus, a "genuine issue" as to coverage undoubtedly exists, and summary adjudication of the bad faith claim is appropriate.

As elucidated in the Court's Order of September 12, 2002, the claim for breach of the implied covenant is all that remains of Van Gemert's Counterclaim. Therefore, summary judgment is granted in Provident's favor as to the Counterclaim.

## III. CONCLUSION

Therefore, Provident's Motion for Summary Judgment re the Complaint is DENIED, Van Gemert's Motion for Summary Judgment re the Complaint is DENIED, Provident's Motion for Summary Judgment re the Counterclaim is GRANTED,

and Van Gemert's Motion for Partial Summary Judgment re the Counterclaim is DENIED.

IT IS SO ORDERED.