**Larry B. MACK, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

No. 06–80308–CIV.

United States District Court, S.D. Florida.

Jan. 16, 2007.

George P. Ord, Murphy Reid Pilotte Ord & Austin, Palm Beach, FL, for Plaintiff.

Kristina Beth Pett, Lonn Weissblum, Pett Furman & Jacobson, Boca Raton, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

JOHNSON, United States Magistrate Judge.

**THIS CAUSE** is before the court on Defendant's Motion for Partial Summary Judgment (Docket Entry (DE) 39). In consideration of the parties' arguments and the evidence of record, as well as of all relevant controlling case law, and weighing the evidence and all factual inferences in the light most favorable to the Plaintiff as the non moving party in the summary judgment motion, the court grants Defendant's Motion for Partial Summary Judgment.

### I. *BACKGROUND*

Plaintiff's Complaint (DE 1, Ex. 1, pp. 4–5) seeks damages alleging Defendant's breach of contract as a result of its denial of Plaintiff's claim for total disability insurance benefits pursuant to a Disability Income Policy (Policy) issued by Defendant.

(*id.*).[1] More particularly, Plaintiff contends that he became disabled on or about November 16, 1999, and that he remains totally disabled to date (*id.* at 4).

Defendant admits issuing the Policy but denies that Plaintiff was totally disabled in accordance with a precisely defined condition precedent contained in the Policy for the recovery of total disability benefits: that Plaintiff receive "medical care from someone other than himself which is appropriate for that injury or sickness" (DE 40, Ex. 2 at 7).[2] In the Motion at bar, Defendant identifies three specific periods of time ((1) from November 15, 2000, to May 15, 2002; (2) from August 27, 2000, to December 16, 2003; and (3) from September 3, 2004, to January 2, 2006 (DE 39 at 2)) during which it contends that Plaintiff's failure to satisfy the aforesaid condition precedent prevents recovery of benefits under the Policy (*id.*). As a result, Defendant seeks summary judgment adjudication to establish that it has no duty to pay Plaintiff any total disability insurance benefits during the aforestated periods of time.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate where no genuine disputed issue of material fact is present, entitling the moving party to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56. The framework for deciding a summary judgment places the initial burden on the moving party to inform the court of the basis for its motion, identifying portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that the party believes show the absence of a genuine disputed issue of material fact. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993)(quoting *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548). An issue of fact is genuine only when a reasonable jury could make a finding for the non moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

If the moving party fails to discharge its initial burden, then the court must deny the motion for summary judgment without the need to address the type of showing made by the non movant. *Fitzpatrick*, 2 F.3d at 1116 (quoting *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)). In the event that the movant carries its initial burden, then the burden

1. Defendant removed this case to this court from the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County (DE 1, pp. 1–7). Plaintiff did not contest that removal. The parties subsequently consented to magistrate judge jurisdiction in the case for all purposes, including trial, and the Honorable Donald M. Middlebrooks, United States District Judge, referred the matter to the undersigned in accordance with the parties' consent (DE 16).

2. The following definitions appear in the Policy: " 'Total disability and 'totally disabled' mean injury or sickness [*sic*] restricts the Insured's ability to perform the material and substantial duties of his regular occupation to an extent that prevents him from engaging in his regular occupation; 'Disability' and 'disabled' mean the period while the Insured is satisfying the Elimination Period, or while the Disability Benefit or Loss of Use Benefit is payable; 'Elimination Period' means the number [*sic*] days stated on page 3 [90 days], preceding the date benefits become payable (other than the Loss of Use Benefit), during which injury or sickness impairs the Insured' " (DE 40, Ex. 2 at 6). Under the terms of the Policy, if the insured satisfies the Elimination Period's requirements (being totally disabled as a result of suffering from a diagnosed or treated mental or physical condition for 90 days) disability payments are triggered (DE 40, Ext. 2 at 7).

shifts to the non movant to show the existence of a genuine issue as to any material fact. *Fitzpatrick,* 2 F.3d at 1116. The opponent, however, "must do more than simply show that there is some metaphysical doubt" as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Further, responsibility to make a showing varies depending on whether the legal issues pertaining to the facts are to be proven by the movant or by the non movant at trial. *Fitzpatrick,* 2 F.3d at 1115. The Eleventh Circuit interprets *Celotex* to mean that if the party moving for summary judgment has the burden of proof at trial, that party must make an affirmative showing of the absence of a genuine issue of material fact by supporting the summary judgment motion with uncontroverted, credible evidence that would entitle the party to a directed verdict.[3] *Fitzpatrick,* 2 F.3d at 1115; *U.S. v. Four Parcels of Real Prop.,* 941 F.2d 1428, 1438 (11th Cir.1991). In other words, the moving party needs to show that for all the essential elements of its case for which it carries the burden of proof at trial, there would not be a reasonable jury that could find for the non moving party. *Id.* If the moving party makes such a showing, summary judgment should be entered on its behalf unless the non moving party responds with "significant, probative evidence demonstrating the existence of a triable issue of fact." *Fitzpatrick,* 2 F.3d at 1115 (quoting *Four Parcels,* 941 F.2d at 1438). Also, in assessing whether or not the moving party has satisfied its burden, the court must view the evidence and all factual inferences arising therefrom in the light most favorable to the non moving party. *Isenbergh v.*

*Knight–Ridder Newspaper Sales, Inc.,* 97 F.3d 436, 439 (11th Cir.1996). A non movant, however, cannot rest on "mere allegations," and must " 'set forth '... 'specific facts' " in opposing a summary judgment. *Purcell v. Toombs County, Ga.,* 400 F.3d 1313, 1323 (11th Cir.2005) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), quoting Fed.R.Civ.P. 56(e)).

Moreover, if it is the non movant who bears the burden of proof at trial, the moving party has two options. One is simply to show the court the absence of evidence supporting the non moving party's position without the need to negate the opponent's claim. *Fitzpatrick,* 2 F.3d at 1115–16 (quoting *Four Parcels,* 941 F.2d at 1437–38). In the alternative, the moving party may come forward with affirmative evidence showing that the non moving party would be unable to prove its case at trial. *Fitzpatrick,* 2 F.3d at 1116 (quoting *Four Parcels,* 941 F.2d at 1437–38).

Yet, even where the parties agree on the basic facts, but disagree on the inferences to be drawn from those facts, summary judgment may still be inappropriate. *United States v. Twenty (20) Cashier's Checks,* 897 F.2d 1567, 1569 (11th Cir. 1990). The drawing of inferences from a non moving party's "specific facts" is permitted only if the inferences "are reasonable in view of other undisputed background or contextual facts and only if such inferences are permissible under the governing substantive law." *Mize v. Jefferson City. of Educ.,* 93 F.3d 739, 743 (11th Cir.1996). If reasonable minds could differ as to inferences arising from undisputed facts, then summary judgment should be denied. *Twenty Cashier's Checks,* 897

---

**3.** The standard for summary judgment mirrors that required for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

F.2d at 1569. It is a jury's function, not a judge's, to make credibility determinations, to weigh the evidence, and to draw legitimate inferences from the facts. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.[4] If the record taken as a whole could not lead a rational trier of fact to find for the non movant, there does not exist a "genuine issue for trial." *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (quoting *First Nat'l Bk. of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

▇ In Florida, the type of insurance clause at issue in this matter requiring Plaintiff to obtain continuous, regular care from a treating physician during any alleged period of total disability is enforceable. *Mutual Benefit Health & Accident Ass'n v. Bunting,* 133 Fla. 646, 183 So. 321, 327 (1938); *Lorber v. Aetna Life Ins. Co.,* 207 So.2d 305, 308–09 (Fla. 3d DCA 1968). Florida courts give such "care and attendance" clauses a liberal interpretation. *Id.* It is, nonetheless, a plaintiff's duty "to avail himself of all reasonable means and remedies to remove" any impediment that purportedly causes a totally disabling condition. *Mutual Life Ins. Co. of New York v. Ellison,* 223 F.2d 686, 688–91, 694 (5th Cir.1955);[5] *Mutual Life Ins. Co. of New York v. Knight,* 130 Fla. 733, 178 So. 898, 900 (1938).

4. To survive summary judgment, the moving party must provide more than "a scintilla of evidence"; "there must be a substantial conflict in evidence to support a jury question." *Isenbergh,* 97 F.3d at 439 (quoting *Carter v. City of Miami,* 870 F.2d 578, 581 (11th Cir. 1989)).

5. Fifth Circuit decisions as they existed as of the close of business on September 30, 1981, are binding precedent on all federal courts within the Eleventh Circuit. *Bonner v. City of Prichard, Alabama,* 661 F.2d 1206, 1207 (11th Cir.1981).

## III. DISCUSSION AND FINDINGS OF FACT

*Defendant Has Established Plaintiff's Failure to Seek Appropriate Medical Care During the Three Discrete Time Periods at Issue as Required by the Policy.*

Here, the argument revolves around Plaintiff's type 2 diabetes allegedly leading to total disability which, in turn, prevented his continuing to practice as a licensed marriage and family therapist (DE 44 (Pl.'s Depo.) at 77; DE 40, Ex. 1 (Pl.'s Answers to Interrogs.) at 2, 21), and Plaintiff's failure to seek appropriate medical care for the purportedly disabling condition during three specific periods of time identified by Defendant. The Policy requires as a condition precedent to the recovery of benefits that Plaintiff receive "medical care from someone other than himself which is appropriate" for the condition allegedly causing total disability (DE 40, Ex. 2 at 7).

Plaintiff admits he did not seek treatment from Leonard Sukienik, D.O., an internal medicine practitioner and Plaintiff's primary care physician, between November 15, 2000, and May 15, 2002 (DE 58 at 2, ¶ 5).[6] Similarly, Plaintiff admits that he did not obtain medical care between the two other periods in question: (1) from August 27, 2002, to December 16, 2003,[7] and (2) from September 3, 2004, to Janu-

6. Plaintiff had an appointment with Dr. Sukienik on March 18, 2002, but did not keep it (DE 41, Ex. 1 at 66). Also, Plaintiff's Statement of Material Facts identifies the first time period as starting on November 1, 2000 (DE 58 at 2, ¶ 5), not on the 15th of that same month as alleged by Defendant.

7. Plaintiff actually admits that this gap entails two more months, starting on June 27, not August 27, 2002, through the same date asserted by Defendant (DE 58 at 3, ¶ 5).

ary 2, 2006[8] (DE 58 at 2, ¶ 5). Dr. Sukienik not only is unable to testify as to Plaintiff's condition, his treatment, or his ability to work during these periods of time, but admits that Plaintiff was not complying with the standard of care he provides for his patients during the times at issue because of not seeking treatment from him (DE 41, Ex. 1 (Dr. Sukienik's Depo.) at 33, 66–68).[9] Additionally, there is no indication that Plaintiff attempted to avail himself of any diabetes-related treatment by any other medical practitioner during the aforesaid time periods.

■ Plaintiff contends that he has received appropriate, continuous medical care for diabetes at all times by taking Glucophage daily as prescribed by Dr. Sukienik; by regularly self-monitoring his blood sugar; by exercising; and by watching his diet to the best of his ability (DE 49 at 2, § III(a); DE 50 (Pl.'s Aff.)). The court disagrees with that contention. Plaintiff's approach to caring for his diabetes, may well be his sincere belief, but that belief, contains two fatal flaws: (1) it does not satisfy the clearly stated condition precedent in the Policy that he obtain appropriate medical care from someone other than himself; and (2) it flies in the face of the appropriate medical standard of care indicated by Dr. Sukienik, his own treating physician. Also, as previously noted, there is no showing by Plaintiff that he availed himself of any medical care during the time periods addressed herein.

■ Moreover, it is true, as argued by Plaintiff, that the Policy only requires him to obtain treatment that is appropriate

(DE 49 at 3). That contention, however, ignores the fact that the medical treatment has to be provided by someone other than Plaintiff himself. In order to establish what appropriate treatment would be, the logical step is to turn to the treating physician's standard of care for diabetes. The record contains that information, and, as set forth above, Plaintiff failed to comply with Dr. Sukienik's standard of care for his diabetic patients.

No matter how far a court would be willing to stretch a liberal interpretation of the Policy's care and attendance clause, it has to follow a logical point of reference. Here, the logical point of reference is Dr. Sukienik's identified standard of care because of his being Plaintiff's treating physician. Indeed, Plaintiff does not dispute that standard nor present any evidence to support that Dr. Sukienik's stated approach is in any way a deviation of the norm for the treatment of diabetes. On the other hand, what Plaintiff proposes, i.e., that his self-care sufficed as appropriate, is beyond any liberal reading of the requirement in question, bordering on the realm of the absurd, given the fact that Plaintiff is not a trained, qualified medical practitioner in the field of diabetes, which, even then, would not suffice under the condition precedent in the Policy.

■ The undersigned finds persuasive the analysis contained in *Reznick v. Provident Life & Accident Ins. Co.*, 364 F.Supp.2d 635 (E.D.Mich.2005), supporting the conclusion that an appropriate care provision "creates an explicit duty to

---

**8.** Plaintiff's admission to this time period is, again, longer than that set forth by Defendant because Plaintiff indicates that it starts on June 3, 2004 (DE 58 at 2, ¶ 5).

**9.** Dr. Sukienik defines his standard of care for the treatment of diabetes by indicating that upon starting a patient on medication there is

a return visit within two or three weeks to discuss diet and exercise; blood is then drawn in six weeks; once the patient is under control, the return visits are every three or four months (i.e., three to four times per year) and they include blood work (DE 41, Ex. 1 at 33–34).

seek and accept appropriate treatment," which is concomitant with the insured's seeking and accepting the care that is appropriate for a disabling condition as determined by a treating physician. *Id.* at 638 (quoting *Provident Life & Accident Ins. Co. v. Henry,* 106 F.Supp.2d 1002, 1004–05 (C.D.Cal.2000), & citing to *Provident Life & Accident Ins. Co. v. Van Gemert,* 262 F.Supp.2d 1047, 1049–50 (C.D.Cal.2003)). Therefore, the court finds that Dr. Sukienik's standard of care for diabetes is appropriate for purposes of interpreting the Policy's condition precedent and for adjudicating the Motion at bar. Consequently, because of Plaintiff's failure to abide by the standard of care identified by Dr. Sukienik, the court further finds that Defendant has properly shown that Plaintiff failed to comply with the Policy's requirement on the issue of appropriate medical care.[10] Hence, there is no disputed issue of material fact as to Plaintiff seeking appropriate medical care from someone other than himself or as to his lack of compliance with his treating physician's standard of care for diabetes during the time periods identified by Defendant in its Motion. Therefore, the court finds that the record supports Defendant's allegation in its Motion for Partial Summary Judgment that Plaintiff failed to comply with a condition precedent to the recovery of benefits.

Plaintiff's argument at page 3 of his Response, that he was excused from continued compliance with the provisions of the Policy as a result of Defendant's prior breach, is unavailing. The issue before the court as framed in Defendant's Motion is Plaintiff's compliance with a condition precedent to the Policy. Had Plaintiff wished the court to address Defendant's alleged contract breach, he should have filed the appropriate motion in that regard within the allotted time period. Plaintiff cannot get around the court's deadline for the filing of motions in this matter by attempting to include the contract argument as a apart of his rebuttal to Defendant's Motion for Partial Summary Judgment at this time. Also to no avail is the argument, anticipated by Defendant, that Plaintiff's disability is not solely diabetes, but diabetes in conjunction with ADHD and depression.[11] Even Plaintiff's own psychiatrist, Mark Agresti, M.D., believes that treatment of Plaintiff's diabetes is necessary to treat Plaintiff's diabetes-related depression and also to increase Plaintiff's overall functioning (DE 42, # x. 1 (Dr. Agresti's Depo.) at 30, 49–50).

## IV. CONCLUSION

The court, having weighed the evidence and all factual inferences arising therefrom in the light most favorable to Plaintiff as the non moving party, finds that Defendant correctly asserts that for the three periods of time identified herein Plaintiff did not comply with a condition precedent

---

10. In its Reply to Plaintiff's Response, Defendant argues that Plaintiff's assertion of being totally disabled since November 16, 1999, cannot be taken as true because that is the standard for a motion to dismiss under Fed. R.Civ.P. 12(b)(6), and not on a summary judgment motion (DE 57 at 5–6, n. 5). The court does not find it necessary to address that argument since it is obvious that Plaintiff concedes that he did not obtain the medical care which the Policy required in order to satisfy a requirement of the coverage.

11. The court notes that while Defendant, in its Motion, anticipated Plaintiff would argue this point in his defense, Plaintiff makes no mention of this fact in his Response. Nonetheless, to the extent Plaintiff may argue that other impairments, in conjunction with his diabetes, are of a disabling nature, he still cannot show that he complied with the policy provision at issue requiring he receive appropriate medical care from someone other than himself, thus entitling Defendant to the partial summary judgment it seeks.

to coverage under the Policy, thereby barring recovery of benefits for said time periods. Consequently, the undersigned concludes that Defendant is entitled to a partial summary judgment on that discrete issue. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment (DE 39) is **GRANTED**.